|   |   |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-00124-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| MARILYN COOK, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This matter is before the Court on Defendant Marilyn Cook's ("Defendant") Motion to Dismiss the Indictment. (ECF No. 5.) The Government filed an opposition. (ECF No. 6.) After carefully considering the parties' arguments and for the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The charges in this case arise from Defendant's alleged filing of false claims for property held by the California State Controller's Division of Unclaimed Property on behalf of the United States Marshals Services and others. (ECF No. 1.) On July 25, 2019, a federal grand jury returned an eight-count indictment charging Defendant with six counts of mail fraud in violation of 18 U.S.C. § 1341, one count of wrongfully using a government seal in violation of 18 U.S.C. § 1017, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 6 at 1.)

At the time the grand jury returned the instant indictment, Defendant was in federal custody pursuant to a pre-trial detention order and was scheduled to begin trial on distinct charges in the Eastern District of Tennessee. (ECF No. 6-3.) On July 31, 2019, a jury found Defendant guilty of presenting a fictitious financial instrument in violation of 18 U.S.C. § 514(a)(2) and presenting a false claim to the United States in violation of 18 U.S.C. § 287(a). (ECF No. 6 at 2.) A sentencing hearing was scheduled for December 3, 2019. (*Id.*)

The Government alleges that it promptly notified Defendant of the indictment pending in the Eastern District of California. (*Id.*) On September 6, 2019, Defendant filed a document labeled "Motion for Speedy Trial" wherein Defendant "move[d] the Court for the Sixth Amendment right to a speedy trial." (ECF No. 4.) On December 2, 2019, Defendant, proceeding *pro se*, filed the instant motion to dismiss the indictment based on a violation of her Sixth Amendment right to a speedy trial. (ECF No. 5.)

# II. STANDARD OF LAW

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "The right to a speedy trial attaches when a criminal proceeding is initiated, including when the defendant is indicted." *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019).

"In determining when the constitutional right is violated, the Supreme Court has rejected any rigid approaches or clearly defined rules." *Id.* "Instead, the Court has adopted 'a balancing test, in which the conduct of both the prosecution and the defendant are weighed.'" *Id.* (citing

*Barker v. Wingo*, 407 U.S. 514, 530 (1972)). The *Barker* test establishes four factors to be balanced: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530.

"A court balances all four of these factors in a practical, case-by-case analysis under *Barker*." *Myers*, 930 F.3d at 1120. "As the Court explained, none of the four factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.'" *Id.* (citing *Barker*, 407 U.S. at 533).

### III. ANALYSIS

Defendant summarily argues that the Government violated her Sixth Amendment right to a speedy trial. (ECF No. 5.) She states that she received the indictment by mail on August 8, 2019, while in custody at a detention facility in Tennessee and filed a motion for a speedy trial on August 25, 2019. (*Id.*) Defendant's motion to dismiss lacks any other facts or legal arguments. In opposition, the Government applies *Barker* and argues it did not violate Defendant's right to a speedy trial. (ECF No. 6.) The Court will address the *Barker* factors in turn.

#### A. <u>Length of Delay</u>

"The length of delay is the threshold factor." *Myers*, 930 F.3d at 1119. "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett v. United States*, 505 U.S. 647, 651–52 (1992) (citation omitted). "[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Barker*, 407 U.S. at 530–31. "The delay is measured from the time of indictment to the time of trial." *Myers*, 930 F.3d at 1119.

The Government argues that only four-and-a-half months have passed since the grand jury returned the instant indictment, which is significantly shorter than the one-year benchmark that typically triggers the speedy trial inquiry. (ECF No. 6 at 5.) The Court agrees that such a short

3

delay for a relatively complex crime does not amount to a "presumptively prejudicial" delay. *See United States v. Gregory*, 322 F.3d 1157, 1161–62 (9th Cir. 2003) ("Although there is no bright-line rule, courts generally have found that delays approaching one year are presumptively prejudicial."). Because the length of delay is a threshold question, the Court's Sixth Amendment analysis arguably could end here. But at the very least, the Court finds that the length of delay weighs in the Government's favor.

B. Reason for the Delay

"Closely related to length of delay is the reason the government assigns to justify the delay." *Barker*, 407 U.S. at 531. "Among other things, a court may consider 'whether the government or the criminal defendant is more to blame for th[e] delay.'" *Myers*, 930 F.3d at 1119 (citing *Doggett*, 505 U.S. at 651). "[I]f the government acted in bad faith, for instance, by making '[a] deliberate attempt to delay the trial in order to hamper the defense,' such delay must 'be weighted heavily against the government.'" *Id.* (citation omitted). "If the delay is caused by negligence, overcrowded courts, or failure of court-appointed counsel, the delay 'should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *Id.* (citation omitted). "Finally, a good-faith, reasonable justification for the delay, such as a missing witness, or a meritorious interlocutory appeal will weigh less heavily against the government or not weigh against the government at all." *Id.* at 1119–20 (internal citations omitted).

The Government asserts that Defendant has been detained in custody in the Eastern District of Tennessee on distinct federal charges since the grand jury returned the indictment in the instant case. (ECF No. 6 at 5.) The Government states it has monitored the status of Defendant's case in the Eastern District of Tennessee and intended to initiate proceedings to transfer her to the Eastern District of California upon conclusion of judgment and sentencing. (*Id.*) Now that the Eastern District of Tennessee indefinitely postponed Defendant's sentencing, the Government states it will explore the possibility of transferring Defendant to this district before her sentencing. (*Id.* at 6.)

Notably, there is no evidence the Government has acted in bad faith. Rather, it appears

4

that logistical obstacles are the primary reason for delay in this case. For example, the Government correctly points out that transferring Defendant between Tennessee and California Defendant would require considerable time and expense. Also, Defendant has certain rights — such as the right to submit a presentence report interview and be present at her sentencing in the Eastern District in Tennessee — that require extra consideration. These types of "administrative hurdles" are legitimate reasons for delay. *See Myers*, 930 F.3d at 1121 ("For instance, when the state's charges factually overlap with the federal charges, such that trying the defendant concurrently would present administrative hurdles and safety concerns, a delay may be justified and not weigh against the government."); *see also* 18 U.S.C. § 3161(h)(1) (excluding time under the Speedy Trial Act for "[a]ny period of delay resulting from other proceedings concerning the defendant"). Therefore, the reason for delay in this case is weighted less heavily against the Government.

### C. Defendant's Assertion of her Rights

"The third factor under *Barker* is whether the defendant asserted his right to a speedy trial." *Myers*, 930 F.3d at 1120. The Government concedes — and the Court agrees — that this factor weighs in Defendant's favor because she asserted her right to a speedy trial by motion on September 6, 2019. (ECF No. 6 at 6.)

### D. Prejudice to the Defendant

"The fourth factor is whether the defendant was prejudiced by the delay." *Myers*, 930 F.3d at 1120. "In considering this factor, a court should evaluate the three interests the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Id.* (quotations omitted). "Of these three interests, 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id.* (quotations omitted)

The Government argues that Defendant has not and cannot allege prejudice. (ECF No. 6 at 7.) More specifically, the Government argues that Defendant cannot show oppressive pretrial incarceration because she would have been detained in the Eastern District of Tennessee

regardless of any delay in the instant case. (*Id.*) The Government also argues that the Defendant has not shown actual prejudice on any other grounds. (*Id.*)

Again, the Court agrees with the Government. Defendant has not made any showing of prejudice caused by the delay. Indeed, (1) the Defendant would be detained regardless of the instant indictment, (2) it is unclear whether Defendant has suffered undue anxiety or concern about the instant indictment, and (3) there is no indication the delay has significantly impacted her ability to prepare her defense. As such, the final *Barker* factor weighs in favor of the Government.

In sum, the relatively short length of delay, legitimate reason for delay, and lack of actual prejudice to the Defendant far outweigh the fact that Defendant asserted her right to a speedy trial after receiving a copy of the indictment. Accordingly, the Court finds that the Government has not violated Defendant's Sixth Amendment right to a speedy trial at this time and thus DENIES Defendant's motion to dismiss.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's motion to dismiss the indictment. (ECF No. 5.)

IT IS SO ORDERED.

Dated: December 20, 2019

Troy L. Nunley
United States District Judge